DISTRICT COURT.                                      DECEMBER, 9, 1861.
                          ADMIRALTY.

## THE CECILE.

When a discretion to order the sale of a vessel may be exercised, an hypothecation may be ordered.

REPORT of commissioner upon petition for order to hypothecate vessel for accruing charges.

## CADWALADER, J.

Whether all of the accruing charges mentioned by the commissioner should be taken into account or not, enough

appears to show that an amount is accruing which would render the detention of the vessel in port ruinous to those interested in her. The case is one in which testimony from a distance will probably be taken under a commission, and if the application had been for a sale I would have considered the vessel perishable in the sense in which this word is applicable in admiralty proceedings to vessels idle in port. As I would thus have had authority to decree a sale, my jurisdiction is properly exercisable in making the order prayed for a mere hypothecation.

And Edmund A. Souder presenting himself in open court to enter stipulation for the release of the said vessel, and being willing to accept hypothecation thereof in the shape of a bottomry bond in $1,008, whereof $840 is principal and $168 marine interest, and Ely M. Boggs, master of the said brig Cecile, praying to be allowed to hypothecate the said brig, her tackle, apparel and furniture to the said Edmund A. Souder in the amount aforesaid to indemnify him for entering into the stipulation required, in order to obtain the release of the said vessel. It is ordered that the said master have leave to execute such bottomry bond accordingly.

DISTRICT COURT.                                    JANUARY 2, 1862.

ADMIRALTY.

## THE MEACO AND OTHER PRIZE CASES.

1. In a general national war between independent governments the hostile character of vessels must be the same whether the voyage has been begun before or after the commencement of the war. But this is not invariably true in the case of a civil war.

2. In such a war where the voyage was begun previously to hostilities an equivalent for wages may be allowed out of a fund which would not have existed if the voyage had not, so far as the mariners are concerned, been substantially completed.

3. The question of wages can seldom arise in a prize court.

4. An allowance out of the proceeds of the cargo may be made to subjects of a foreign power, not residents of the United States, except for commercial purposes, for advances made and charges incurred by them, when